# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SEDRICK L. LEWIS, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-4052-CV-C-NKL-P |
| BOONE COUNTY JAIL MEDICAL STAFF, et al., | ) |
| Defendants. | ) |

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND DIRECTING THE AGENCY HAVING CUSTODY OF PLAINTIFF TO COLLECT AND FORWARD THE $350.00 FILING FEE IN THIS CASE

Plaintiff, who currently is incarcerated at the Boone County Jail in Columbia, Missouri, has filed pro se this case pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Plaintiff has moved for leave to proceed in forma pauperis without the prepayment of court fees or costs. He has submitted an affidavit of poverty in support thereof. Because plaintiff had no money deposited in his inmate account in the last six months and does not have any balance in his account, pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of plaintiff will be required to forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to plaintiff's inmate account each time the amount in that account exceeds $10.00 until the entire $350.00 filing fee is paid.

On February 15, 2013, plaintiff filed a complaint, alleging that "Dr. Black Burn, Nurses, Tammy Waltz, LaCrissa Mcguire, Elizabeth Hannegan, and Marry Rollins" have been denying him "proper medical care," including dental care and physical therapy, since September 13, 2013. Doc. No. 1, p. 3. Plaintiff claims that he has "life threating [sic] medical problems" and has not received "proper care to said present date [and] time." Id. For relief, plaintiff requests a transfer to another

facility and $500,000,000.00 in actual damages. Doc. No. 1, p. 2, 4.

To state a claim under Section 1983, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S.662, 676 (2009). A defendant must have been personally involved in the deprivation of plaintiff's rights to be liable, Martin v. Sergeant, 780 F.2d 1334, 1337 (8th Cir. 1985), and pleadings must offer more than labels and conclusions; formulaic recitations of the elements of a cause of action are not sufficient. Ashcroft, 556 U.S. at 678. While pro se claims are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), plaintiff's assertions in this case lack the requisite specificity. See Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974).

Plaintiff will be directed to file a superceding amended complaint in which he sets out sufficient facts to show exactly **who** is involved in his claims and **what** each individual defendant **specifically did or failed to do** in violation of plaintiff's federally protected rights. Plaintiff also should state exactly what specific injuries resulted from each defendant's actions. In his amended complaint, plaintiff should include all of his allegations against every defendant he is suing in this case. Any claims or defendants not specifically set forth in the amended complaint will be deemed to have been abandoned. If plaintiff seeks to proceed with this case, he will be required to file a superceding amended complaint, or this case will be dismissed pursuant to Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED** that:

(1) plaintiff is granted provisional leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a);

(2) the agency having custody of plaintiff shall forward to the clerk of the court monthly payments of 20 percent of the preceding month's income credited to plaintiff's account each time

the amount in the account exceeds $10 until the entire $350.00 filing fee is paid;

(3) the Clerk of the Court is directed to send plaintiff another set of civil rights forms for his use in filing an amended complaint;

(4) plaintiff is directed to file a superceding amended complaint, on or before March 26, 2013, as specifically discussed herein; and

(5) failure to amend as directed will result in the dismissal of this case without further notice.

                                                   /s/ Nanette K. Laughrey  
                                                   NANETTE K. LAUGHREY  
                                                   UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: March 5, 2013 .